## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANNY J. NEESE,
                    Appellant,

            v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
NY-0845-15-0316-I-1

DATE: September 21, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Danny J. Neese</u>, Mastic, New York, pro se.

<u>Tanisha Elliott Evans</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed as modified a decision of the Office of Personnel Management (OPM) finding that the appellant was overpaid $8,299 in disability retirement benefits.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2    The appellant filed an appeal of an OPM reconsideration decision finding that he had been overpaid annuity benefits in the amount of $8,299 as a result of his receipt of disability benefits from the Social Security Administration (SSA). Initial Appeal File (IAF), Tab 1 at 9-12.  In its reconsideration decision, OPM found that the appellant was not entitled to a waiver of the overpayment but reduced the repayment schedule to 165 monthly installments of $50 and one final installment of $49. *Id.* at 11-12.

¶3    After holding a telephonic hearing, the administrative judge issued an initial decision, affirming OPM's reconsideration decision as modified to adjust the repayment schedule to $35 per month.  IAF, Tab 15, Initial Decision (ID).  She found that OPM proved the existence and amount of the overpayment.  ID at 5-6. She also found that the appellant was not entitled to a waiver of the overpayment because, although he was without fault in creating the overpayment, OPM had advised him that his annuity must be reduced for any SSA disability benefits. ID at 6-10.  Thus, she found that the set-aside rule applied and the appellant failed to establish exceptional circumstances existed to warrant a waiver.  *Id.* However, she found that the appellant demonstrated financial hardship warranting an adjustment of the repayment schedule, and she reduced the repayment schedule to 237 payments of $35 per month and one final payment of $4.  ID at 10-11.

¶4    The appellant has filed an untimely petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has moved to dismiss the appellant's petition for review as untimely.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board's regulations provide that a petition for review must be filed within 35 days of the date of issuance of the initial decision or, if the party filing

the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on September 26, 2016, and the deadline for filing a petition for review was October 31, 2016. Thus, the appellant's December 5, 2016 petition for review was 35 days untimely.[2]

¶6    The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.113(d), 1201.114(g). To establish good cause for the untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To establish good cause based upon illness, the party must identify the time period during which he suffered from the illness, support his allegation with corroborating medical or other evidence, and explain how the illness prevented him from timely filing his petition or requesting an extension of time. *Sanders v. Department of the Treasury*, 88 M.S.P.R. 370, ¶ 7 (2001).

¶7    On review, the appellant explains that his petition for review was untimely due to many health issues he has been experiencing. PFR File, Tab 1 at 2. He also contends that he was in the emergency room due to psychological issues on June 20, September 12, and October 6, 2016, and provides medical statements documenting his visits on these dates. *Id.* at 2, 6, 8-9. However, it is unclear how the appellant's emergency room visits on June 20 and September 12, 2016, impacted his ability to file his petition for review following the issuance of the initial decision on September 26, 2016. Further, the appellant has not adequately explained how his medical conditions prevented him from timely filing his petition for review prior to or following his October 6, 2016 emergency room visit. *See, e.g.*, *Miller v. Department of the Army*, 112 M.S.P.R. 689, ¶ 15 (2009) (finding that the appellant failed to establish good cause for her untimely petition

---

[2] The appellant does not contend that he received the initial decision more than 5 days after it was issued.

for review when she provided evidence that she was examined at a hospital, recommended 4 days of bed rest, and out of work for a few days during the filing period but failed to explain her illness or how it prevented her from filing a timely petition for review).

¶8 In his motion to waive the time limit, the appellant asserts that he has been suffering from mental illness for several years. PFR File, Tab 5 at 2. He also attaches a copy of a December 6, 2016 report from a visit with his doctor, identifying several medical conditions, including, among other things, anxiety, recurrent major depressive disorder, and insomnia. *Id.* at 4. The appellant has not explained, though, how any of these conditions prevented him from filing his petition for review, especially given that this report is dated 1 day after he filed his petition for review on December 5, 2016.

¶9 Accordingly, we dismiss the petition for review as untimely filed. Although we dismiss the petition as untimely, we acknowledge the appellant's contention on review that the current repayment schedule will create severe financial hardship for him. PFR File, Tab 1 at 3. To the extent the appellant's expenses prove overwhelming, he may submit a mid-collection request to OPM, at which time his living expenses may be reexamined. IAF, Tab 5 at 111 (Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and Federal Employees' Retirement System, § V.F.5).

¶10 This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision regarding the merits of this appeal.[3]

---

[3] The appellant is notified that OPM has advised the Board that it may seek recovery from the appellant's estate or other responsible party of any debt remaining upon his or her death. A party responsible for any debt remaining upon an annuitant's death may include an heir (spouse, child, or other) who derives a benefit from the annuitant's Federal benefits, an heir or other person acting as the representative of his or her estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) Judicial review in general. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within 60 calendar days of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

distributers of the annuitant's estate. *Pierotti v. Office of Personnel Management*, 124 M.S.P.R. 103, ¶ 13 (2016).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i),

(B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.